UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

GLYNIS B. THOMAS                                                         PLAINTIFF

V.                      NO. 4:16-CV-00474 JLH/JTR

NANCY A. BERRYHILL,[1]
Acting Commissioner,
Social Security Administration                                          DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes  You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**I.  Introduction**:

Plaintiff, Glynis B. Thomas, applied for supplemental security income benefits on March 27, 2014, alleging a disability onset date of December 14, 2009. (Tr. at 9). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 17).  The Appeals Council denied her request for review.  (Tr. at

---

[1]Berryhill is now the Acting Commissioner of Social Security and is automatically substituted as Defendant pursuant to Fed. R. Civ. P. 25(d).

1). The ALJ's decision now stands as the final decision of the Commissioner. Thomas has requested judicial review.

After Thomas filed her brief, the Commissioner filed a Motion to Reverse and Remand for further administrative proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g). *Doc. 14.* Thomas timely filed her Response opposing the Motion. *Doc. 16*. For the reasons stated below, the Court should grant the Commissioner's Motion to Reverse and Remand.

## II. **The Commissioner's Decision:**

The ALJ found that Thomas had not engaged in substantial gainful activity since the alleged onset date of December 14, 2009. (Tr. at 11). At Step Two, the ALJ found that Thomas had the following severe impairments: essential hypertension; asthma; osteoarthritis of the knees; and a torn rotator cuff status post three arthroscopic repairs. *Id.*

The ALJ next found that Thomas's impairments did not meet or equal a listed impairment. (Tr. at 12) At this point in the sequential analysis, an ALJ is required to determine a claimant's residual functional capacity ("RFC"). In doing so, the ALJ made *two different determinations* within his opinion.

He first determined that Thomas's RFC limited her to *sedentary work*, except that she must not be exposed to dust, fumes, or smoke in concentrated amounts, and

2

could only occasionally perform overhead reaching. (Tr. at 12). Based on those limitations, the ALJ concluded that Thomas could not return to her past relevant work. (Tr. at 15).

The ALJ then applied the Medical-Vocational Guidelines for *light work*,[2] even though he had previously determined that Thomas's RFC limited her to sedentary work. (Tr. at 16). The ALJ noted that, at the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.21. *Id.* However, the ALJ determined that additional limitations impeded Thomas's ability to perform the full range of light work, so he proceeded to obtain testimony from the Vocational Expert ("VE"). The VE testified that, based on the claimant's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Thomas could perform, specifically, charge account clerk and dressing clerk. *Id.* Based on that testimony, the ALJ concluded that Thomas was not disabled. *Id.*

---

[2]"Whether the Guidelines may be used in deciding [if a claimant is disabled] depends on whether the claimant's limitations are exertional or nonexertional. An exertional limitation "affect[s] [one's] ability to meet the strength demands of [a] job[]" such as "sitting, standing, walking, lifting, carrying, pushing, and pulling." 20 C.F.R. § 404.1569a(a). Nonexertional limitations include anxiety, depression, difficulty concentrating, memory deficiencies, sight and hearing impairments, difficulty tolerating dust or fumes, and "manipulative or postural functions of some work such as reaching, handling, stooping, climbing, crawling, or crouching." See *id*. § 404.1569a(c)(1). If the limitations are exertional, the ALJ may rely solely on the Guidelines. *Robinson v. Sullivan*, 956 F.2d 836, 841 (8th Cir. 1992). If the limitations are nonexertional, however, the Guidelines can be used only if the record as a whole shows that "'the nonexertional impairment does not diminish the claimant's [RFC] to perform the full range of activities listed in the Guidelines.'" *Lucy v. Chater*, 113 F. 3d 905, 908 (8th Cir. 1997) (quoting *Thompson v. Bowen*, 850 F.2d 346, 349-50 (8th Cir. 1988.); *see Crawford v. Colvin*, 809 F.3d 404, 409 (8th Cir. 2015).

## III. Discussion:

The Commissioner argues in its Motion to Reverse and Remand that the ALJ created a conflict because he initially assigned Thomas an RFC for sedentary work, but then applied the Medical-Vocational Guidelines for light work. To further confuse the issue, the ALJ posed hypotheticals to the VE containing both sedentary and light RFCs. The Commissioner argues that, if the ALJ had elected to proceed with a sedentary-level RFC, he needed to make a finding regarding transferability of job skills. That finding would determine disability under the Medical- Vocational Guideline applied by the ALJ. However, without the finding on transferability of skills, the Commissioner notes that two different results would obtain. Instead of making the required specific finding, the ALJ concluded that transferability of job skills was not material to the determination of disability. (Tr. at 15).

Thomas argues that, because the ALJ intended the RFC to provide for sedentary work, no conflict exists within the decision. She contends that, by including available jobs at the sedentary level, the ALJ's intention was clear. The Court disagrees. The ALJ only addressed light work in his Medical-Vocational Guidelines discussion, which leaves the Court in the position of having to guess or speculate about the exertional level the ALJ applied to reach his decision.

Where the evidence in the record is insufficient to support the Commissioner's

4

conclusion, remand pursuant to sentence four of 42 U.S.C. § 405(g) is the appropriate relief. *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990). Because the ALJ left unanswered the question of whether sedentary or light work is the appropriate exertional level for Thomas's RFC, the case should be remanded to determine the correct and intended exertional level for Thomas's RFC.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED that the Commissioner's Motion to Reverse and Remand be GRANTED (*Doc. 14*), and that the ALJ's decision be REVERSED and the case be REMANDED for further administrative proceedings and issuance of a new decision. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 21st day of April, 2017.

_____
UNITED STATES MAGISTRATE JUDGE